**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Luis Noe CASTILLO–SIERRA,**
**Defendant–Appellant.**

No. 05–50524.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided April 11, 2006.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Judy Fulmer Madewell, Federal Public Defender's Office Western District of Texas, San Antonio, TX, for Defendant–Appellant.

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

474

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM: *

Luis Noe Castillo–Sierra (Castillo) appeals his guilty-plea conviction and sentence for illegal reentry into the United States following deportation. Castillo argues that the district court erred in enhancing his sentence under U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on a prior Texas robbery conviction. Because Castillo did not raise this issue in the district court, review is limited to plain error. *United States v. Calverley*, 37 F.3d 160, 162–64 (5th Cir.1994) (en banc).

Under § 2L1.2(b)(1)(A)(ii), a defendant's base offense level is increased by 16 levels if he was previously deported after being convicted of a crime of violence. Robbery is an offense enumerated as a crime of violence in the application notes to § 2L1.2. § 2L1.2, comment. (n.1(B)(iii)). Castillo has not shown that the district court's increase in his offense level pursuant to § 2L1.2 based on his prior robbery conviction, a specifically enumerated offense under the commentary to § 2L1.2, was a "clear or obvious" error. *See United States v. Rayo–Valdez*, 302 F.3d 314, 317 (5th Cir.2002).

Castillo argues that 8 U.S.C. § 1326(b) is unconstitutional. He acknowledges that this argument is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but raises the argument to preserve it for further review. We have "repeatedly rejected arguments like the one made by [Castillo] and ... held that *Al-*

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

*mendarez–Torres* remains binding despite *Apprendi[ v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).]" *United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005).

AFFIRMED.